IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN CREDICO, | : | Civil No. 3:18-cv-2046 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| ALLENWOOD FCI SIA LIONS, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Justin Credico, a/k/a Judicial/ Cyber Watchdog, ("Credico"), an inmate confined at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin"), initiated this *Bivens*[1] action, seeking to proceed *in forma pauperis*. (Docs. 1, 4). Credico is a prolific filer who is subject to the three strikes provision set forth in 28 U.S.C. § 1915(g). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc).

Review of the complaint has been undertaken and, as set forth in detail below, Credico has not sufficiently alleged or shown that he is in imminent danger of serious bodily harm. Accordingly, the application to proceed *in forma pauperis* will be denied, and this

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

action will be stayed pending receipt of the full filing fee.

I. **Allegations of the Complaint**

On January 31, 2018, a Special Investigative Agent ("SIA") at FCI-Allenwood allegedly questioned Credico about the Bureau of Prisons' cybersecurity. (Doc. 1, p. 5). As part of this investigation, Defendants searched Credico's property and confiscated certain items. (*Id.*). Credico alleges that prison staff confiscated two programming books, and the unknown FBI Defendants confiscated handwritten computer code that Credico intended to copyright. (*Id.* at pp. 5-6).

For relief, Credico seek monetary damages, and injunctive and declaratory relief. (*Id.* at p. 19).

II. **Discussion**

Pursuant to 28 U.S.C. § 1915(g), a prisoner, who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. Credico has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim. *See Credico v. DHS*, 170 F.Supp.3d 1, 4 (D.D.C. 2016) (finding that Credico has accumulated three strikes, and has appeared as a plaintiff, petitioner, or intervenor in

fifty-four (54) cases) (citing *Credico v. Milligan*, 544 F. App'x 46, 48 (3d Cir. 2013) ("[W]e will dismiss Credico's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law."); *Credico v. Unknown Official for U.S. Drone Strikes*, 537 F. App'x 22, 23 (3d Cir. 2013) ("Accordingly, we hold that this appeal is frivolous, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."); *Credico v. CEO Idaho Nat. Lab.*, 461 F. App'x 78, 79 (3d Cir. 2012) (same)). Accordingly, Credico may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed the instant matter.

Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998) (quotations omitted). A prisoner need not allege an "existing serious physical injury" to qualify for the exception to the "three strikes" provision. *Id.* at 967. "It is sufficient that the condition [alleged] poses an imminent danger of serious physical injury." *Id.*; *see also Abdul-Akbar*, 239 F.3d at 315. Imminent danger must exist "contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Abdul-Akbar*, 239 F.3d at 313.

In the present matter, Credico does not dispute that he has three strikes. (*See* Doc.

4). Instead, Credico claims that his "fundamental human interests" were harmed when Defendants took his personal property without adequate notice, compensation, or the ability to retrieve the property. (Doc. 4, pp. 1, 4-7). Specifically, Credico claims that Defendants confiscated his artwork, literature, and trade secrets. (*Id.*). The Court finds that these allegations simply do not establish that Credico was in "imminent danger of serious physical injury", or threat of serious physical injury. 28 U.S.C. § 1915(g). An inmate claiming that he is in imminent danger of serious physical harm must "make specific [and] credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (citation omitted). Upon thorough review of the filings in the instant action, the Court determines that Credico was not under imminent danger of serious physical injury when he signed and filed his complaint. Credico has failed to meet the imminent danger exception to 28 U.S.C. § 1915(g)'s three strikes rule, and thus failed to make the requisite showing to allow him to proceed *in forma pauperis*. *See Brown v. City of Philadelphia*, 331 F. App'x 898 (3d Cir. 2009) (finding that the inmate demonstrated a pattern of abusing judicial process by repeatedly filing frivolous actions, and affirming the district court's order dismissing the complaint pursuant to § 1915(g)).

If Credico wishes to pursue the claims in this action, he must pay the filing fee in full. Accordingly, Credico will be granted thirty (30) days from the date of the accompanying Order to pay the full filing fee of $400.00. Failure to pay the full fee within the time stated

will result in dismissal of the complaint.

A separate Order shall issue.

Date: October 24, 2018

Robert D. Mariani
United States District Judge